M. Jonathan Hayes (SBN 90388)
Pardis Akhavan (SBN 320342)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd, Suite 314
Encino, California 91316
Tel: (818) 285-0100
Facsimile: (818) 855-7013
jhayes@RHMFirm.com

Attorneys for Plaintiffs,
Yvette Walden, Guadalupe Cruz
and Jose L. Cruz

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARTHA ALICIA FERNANDEZ,<br><br>　　　Debtor.<br>_____<br>YVETTE WALDEN, GUADALUPE L. CRUZ and JOSE L. CRUZ<br><br>　　　Plaintiffs,<br><br>　vs.<br><br><br>MARTHA ALICIA FERNANDEZ,<br><br>　　　Defendant. | CASE NO: 2:18-bk-18159-RK<br><br>CHAPTER 7<br><br>Adv. No. 2:18-ap-01327-RK<br><br>**PLAINTIFF'S TRIAL BRIEF**<br><br>*Trial:*<br>Date: March 12, 2020<br>Time: 9:00 a.m.<br>Location: Courtroom 1675<br>255 E. Temple Street,<br>Los Angeles, CA 90012 |

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE:**

# I

## I.

## **SHORT SUMMARY OF THE FACTS**

Plaintiffs, GUADALUPE L. CRUZ and JOSE L. CRUZ, and their daughter YVETTE WALDEN, own the property 654 and 658 19th Street in San Pedro, California (the "Property") as joint tenants. Plaintiffs purchased the property in December 31, 2002. The Property consisted on two small homes on a lot. Plaintiffs and their adult children lived in the two homes generally until shortly before the construction began.

In or around December, 2015, Plaintiffs entered into a construction contract with Defendant Martha Alicia Fernandez, who was doing business at the time as First Choice Remodeling. The contract provided that Ms. Fernandez would do a remodel of the front house including increase the size substantially and build a second floor. The construction was to be done pursuant to complete engineered drawings and plans which had been previously prepared by Civil Engineer, Wole Adefesco.

Ms. Fernandez assured Plaintiffs at the outset that she was a licensed contractor and had significant experience in projects of this type. Both statements were false. She was not a licensed contractor and this was a job far beyond her expertise. She knew that it was important to them that only wanted to hire a licensed contractor to do the work. Ms. Fernandez showed Plaintiffs one of her "projects" to convince them to hire her.

Ms. Fernandez ultimately presented a document to Plaintiffs she designated as a "Customer Invoice" dated December 29, 2015 which set a price for the work at $351,375 [Exhibit 1]. There was no written agreements beyond the Customer Invoice.

When it came time to get the city permits, Ms. Fernandez convinced Plaintiffs that the construction project should be an "owner builder" project as the permits would be less expensive. Plaintiffs have no prior experience with building or even remodeling properties which Ms. Fernandez knew. They put their faith in her to improve their home.

The remodeling project began in December 2015 with the demolition of the back house (completed by Cruz's son) and removing everything in the front house down to the existing frames. Mrs. Cruz went by the project nearly every day for the first month or so for an hour or two. Ms. Fernandez was rarely there.

Mrs. Cruz made the following payments to Ms. Fernandez to do the work [Exhibit 2]:

| | |
|---|---|
| $10,000 | December 4, 2015 |
| $7,548 | December 26, 2015 |
| $42,000 | January 7, 2016 |
| $20,000 | February 5, 2016 |
| $20,000 | February 29, 2016 |
| Total $99,548 | |

Mr. and Mrs. Cruz went out of town for a week at some point in late January, 2016. When they came back, they went by the project and were stunned to discover that the entire front house had been demolished completely. There was nothing but a vacant lot.

At about the same time, one of Ms. Fernandez's workers called Mrs. Cruz to inform her that the city had "red-tagged" the property because there were no permits to build a new home. Mrs. Cruz confronted Ms. Fernandez about the demolition immediately and Ms. Fernandez casually explained that she could not build a second story on the existing foundation and therefore had decided to demolish the whole thing. She also acknowledged that a new building permit was required to rebuild the Property and therefore the project was stopped.

To apply for the new permit, Mrs. Cruz and Ms. Fernandez went to the City of Los Angeles a few months later on or about May 24, 2016. When the city advised them that a new home could not be built as an owner-builder, Ms. Fernandez finally disclosed to Mrs. Cruz she was not a licensed contractor.

For the next seven or eight months or so, Ms. Fernandez kept Plaintiffs at bay by telling them that she was taking care of things. She was getting a licensed contractor and the proper permits and would be starting the work. She ultimately brought in a licensed contractor Hugo Gill who made some efforts to get the project going. Both he and Ms. Fernandez pressured Mrs. Cruz for more money but Plaintiffs were unwilling at that time to give them funds, at least until there was an explanation of where the first $99,548 went and some showing that the work would actually get done. Ms. Fernandez did nothing more than hire a few day laborers for a month or so with the first $100,000; no lumber, no machinery, and no work at all for several months after the city red tagged the Property.

Ms. Fernandez finally refused to be involved any further or to return Plaintiffs' money in late 2016 or early 2017. Before being demolished, the Property was worth $450,000 at the time and had at least $80,000 of equity. Plaintiffs are still the owners of the Property but the Property is pending foreclosure and will be lost.

## III.
## WITNESSES

Plaintiffs' main witness will be Mrs. Cruz. Her two daughters Yvette Walden and Debbie Cruz will corroborate her testimony relating to many of the early discussions with Ms. Fernandez.

## IV.
## ARGUMENT

Plaintiff's complaint and the Joint Pretrial Stipulation set forth a single claim for relief, 11 U.S.C. § 523(a)(2)(A) which provides in pertinent part that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . (2) for money, property, services . . . to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an

insider's financial condition . . . ."  Here there are no allegations that the false statements relate to the Debtor's "financial condition."

Plaintiffs assert that Ms. Fernandez owes them a debt of at least $180,000 which was incurred by "false pretenses, a false representation and actual fraud."

Under California law, "[t]he elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Group, Inc.,* 15 Cal.4th 951, 973-981 (1997).

The elements of a claim under 11 U.S.C. § 523(a)(2)(A) are: (1) the debtor made representations; (2) that at the time the debtor knew they were false; (3) the debtor made those representations with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on these representations; and (5) the creditor sustained losses as a proximate result of the debtor's representations. *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).  *In re Slyman*, 234 F.3d 1081 (9th Cir. 2000).

The elements of the claim under California law are as follows:

(1) <u>misrepresentation, false representation, concealment or nondisclosure</u>.

The evidence will show that Ms. Fernandez lied about having a contractor's license which would allow her to obtain the required permits to do the work.  She also misrepresented her ability to do the type of job that she committed to here. She will likely testify that she told Plaintiffs that she did not have a license but besides that being absurd, the evidence will show that Plaintiffs had a firm belief that because they had no experience of any kind in building or remodeling real property and they knew and had been told that based on the size of this job, they should hire only a licensed contractor, they would never had hired her to do the job had they known she had no license.

(2) <u>knowledge of falsity</u>.

Ms. Fernandez obviously knew that she did not have the proper license. She saw a huge job and the potential to make a significant profit and said what she thought she needed to say to get the commitment from Plaintiffs to pay her for the work.

(3) *intent to defraud*.

It is not conceivable that Ms. Fernandez could say with a straight face that she lied to Plaintiffs about having a license and yet did it without intend to defraud them. She obviously wanted the job. It was a large job which she projected would take the better part of a year. She requested regular payments of $20,000 so should could keep her operations going. The intent to deceive is obvious.

(4) <u>justifiable reliance by the creditor on the debtor's statement or conduct</u>.

Plaintiffs justifiably relied on Ms. Fernandez's false statement that she was a licensed contractor when they hired her and gave her nearly $100,000.

In *Field v. Mans*, 516 U.S. 59, 72-75 (1995), the Supreme Court advised that "a person is justified in relying on a factual representation without conducting an investigation, so long as the falsity of the representation would not be patent upon cursory examination." The falsity here was not "patent upon cursory examination." Patent means "readily visible or intelligible, obvious," see Mirriam Webster Dictionary. Plaintiffs, who again have no experience in construction or even remodeling (much less expanding a home by 100% and then building on a second floor, viewed Ms. Fernandez doing construction work and reviewed information on the internet, had no reason to suspect that she was lying. This especially so since they told her it was very important to them to hire only a licensed contractor.

"A person may justifiably rely on a representation 'even if the falsity of the representation[s] could have been ascertained upon investigation.'" 4 March, Ahart and Shapiro, California Practice Guide: Bankruptcy, ¶ 22:481 at 22-75 (citing *In re Eashai*, 87 F.3d 1082, 1090 (9th Cir. 1996)).

//

//

> (5) <u>damage to the creditor proximately caused by its reliance on the debtor's statement or conduct</u>.

Plaintiffs paid Ms. Fernandez $99,548 and got nothing. In addition, they are going to lose their property and at least $80,000 of equity they had at the time this began, when there were still two livable homes on the property.

California Civil Code section 7160 provides that "Any person who is induced to contract for a work of improvement, including but not limited to a home improvement, in reliance on false or fraudulent representations or false statements knowingly made, may sue and recover from such contractor or solicitor a penalty of five hundred dollars ($500), plus reasonable attorney's fees, in addition to any damages sustained by him by reason of such statements or representations made by the contractor or solicitor." The damages here are the $99,548 paid which must be returned, and the $80,000 lost when the house was demolished.

In addition, Plaintiff have the right to return of the payment made to Ms. Fernandez under California Business & Professions Code 7031 which provides, "(b) . . . a person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract." The compensation paid is $99,548.

In addition, Mrs. Cruz paid approximately $15,000 to install the temporary electrical pole in compliance with Department of Power and Water, to shut off the gas and all the permits that were applied for.

The court should further consider punitive damages for Ms. Fernandez' reckless or callous disregard established by conduct that is malicious, wanton or oppressive.

Plaintiffs have lost their home. While the actual damages for that loss may be limited to the equity, that amount of damages cannot possibly give them what they lost.

## IV.
## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully requests that the Court enter judgment in their favor in the amount of $178,548 plus punitive damages and declare that the judgment is non-dischargeable under section 523(a)(2)(A). Ms. Fernandez clearly lied about her license status. The lack of a license makes it clear that she was not capable of completing such a large job on her own. She knew when she took their money that if she did not build the property she promised, they would lose everything. For those reasons the court should award punitive damages.

DATED: February 12, 2020

By: /s/ M. Jonathan Hayes
M. Jonathan Hayes
Pardis Akhavan
*Attorneys for Plaintiffs*
Yvette Walden, Guadalupe Cruz
and Jose L. Cruz

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **PLAINTIFF'S TRIAL BRIEF** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **2/12/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page.

- **M. Jonathan Hayes    jhayes@rhmfirm.com,** roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Elissa Miller (TR)    CA71@ecfcbis.com,** MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com
- **Gary S Saunders    Linda@saunderslawoffice.com,** Gary@saunderslawoffice.com;Madison@saunderslawoffice.com
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**II.  SERVED BY U.S. MAIL:** On **2/12/2020** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**Honorable Robert N. Kwan**
**United States Bankruptcy Court**
**Central District of California**
**255 E. Temple Street, Suite 1682**
**Los Angeles, CA 90012**

**Guadalupe L. Cruz**
**Jose L. Cruz**
**26020 Belle Porte Ave., #16**
**Harbor City, CA 90710**

**Yvette Walden**
**26020 Belle Porte Ave., #6**
**Harbor City, CA 90710**

**Martha Alicia Fernandez**
**3114 E. 17th Street**
**Long Beach, CA 90804**

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **2/12/2020** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|
| 2/12/2020 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |